THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO CARDONA CINTRÓN, Defendant and Appellant.

No. 8628. Argued May 6, 1941.—Decided May 9, 1941.

*Faustino R. Aponte* and *Manuel A. Bustelo,* for appellant. *George A. Malcolm, Attorney General* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The District Attorney of Humacao filed information against Francisco Cardona Cintrón charging him with a violation of Section 7 of Act No. 14 of 1936 ((2) p. 128) approved to regulate the sale of firearms in Puerto Rico, which consisted in having in his possession, on or about the 8th of March, 1940, a revolver, without having declared it in writing to the Chief of Police of the town of his residence, Fajardo.

When the case was called for trial for the second time, on November 7, 1940, a motion to dismiss the case, filed by the defendant, was argued and denied, the evidence being then presented.

That for the prosecution consisted of the testimony of Perciliano de Jesús, I. P., José M. Lugo, Corporal I. P., and A. Ramírez Rivera, District Chief of the Insular Police. The first stated that on March 9, 1940, he was on duty in Fajardo and saw the defendant "with relation to a dead woman" and arrested him. The defendant was the owner of a dry goods store and in the rear, in his room, where "one called Guillermina Ramos was dead," he handed him the revolver which the district attorney shows him. "I suggested that he tell me where the firearm was, and then he handed me the revolver." He took it out of a cardboard box, which was next to the bed, under a table. To the ques-

tion: "Next to the body of the deceased?", he answers: "Next to the bed, the deceased is like this, the bed in this way, and the cardboard box like this."

Corporal Lugo merely testified that he knew the defendant, that he knew that he lived in Fajardo, in his store, and that Policeman De Jesús handed him the revolver seized, and Chief of Police Ramírez Rivera testified that the revolver seized was not registered in the name of the defendant in the registry of firearms that is kept according to law in his office.

The defendant alleged the insufficiency of the evidence and requested that he be acquitted. The district attorney objected and the court denied the motion. Defendant then presented his evidence consisting of the testimony of Benigno Santiago, Pedro Rodríguez and Fernando Laureano.

The first one testified that he owns a restaurant in Fajardo; that he knew Ana María Ramos; that he saw her two or three days before "she killed herself" in his store; "she sat down in a booth and asked for a beer, and some time later . . . I went there and when she opened her purse to pay me, it fell, . . . it was opened and when I picked it up from the floor to give it to her, I asked her 'what is that?', I could see that there was a nickel plated revolver"; that it looks like the one which is shown to him, the seized one.

Rodríguez, owner in Fajardo of "Son de la Loma", another restaurant, saw Ana María Ramos "some days before she committed suicide" and could notice that she was carrying a revolver in her purse. Fernando Laureano, the third witness, said that he was an employee of the defendant with whom he was in intimate terms and that at no moment he saw that he kept a firearm.

The defendant insisted in alleging the insufficiency of the evidence and in requesting his acquittal. The court considered the evidence sufficient and rendered judgment sentencing the defendant to six months in jail.

Cardona Cintrón appealed and in his brief he assigns two errors committed by the court, in denying the motion to file away the case because more than 120 days had elapsed between the presentment of the information and the trial of the case, and in rendering judgment against the evidence and the law.

■ Since the study that we have made of the record reveals that the first alleged error was not committed, as the motion filed the previous day and argued at the trial was tardy, and being on the contrary convinced that the second error was committed, we shall limit ourselves to state our reasons for considering the evidence insufficient.

■ There is a circumstance in it—that of having found the revolver in defendant's room—which added to others could serve as the basis for a judgment of conviction. But those other circumstances are not really present. The testimony of the Policeman Perciliano de Jesús is the only one which connects the defendant with the revolver. From his testimony it is known that it was the defendant who handed him the revolver and that this took place in a room which he occupied in the rear of his store. But that fact is connected with the other, of a woman having been found dead there and near her the revolver, and furthermore, the evidence for the defense tends to show that that person had committed suicide and had owned a revolver which resembled the one seized.

In the case of *People* v. *Meléndez,* 55 P.R.R. 36, it was decided:

"Proof that a firearm was found in the commercial establishment of the accused, together with the testimony of a witness, believed by the court, stating that the accused admitted that it was his, and the testimony of the Chief of Police who with the record of his office in his hands states that the firearm admitted in evidence has not been declared in his office, is sufficient for a conviction under the Act of declaration of firearms."

In the opinion it was said:

"From the testimony of Lugo it appears that on the 6th of March of 1938 he went into the accused's store in Cayey to investigate gambling which was being carried on in that store. That while there he found a pistol hidden between some sacks, wrapped up in a paper bag. That he took possession of it and asked the accused if it belonged to him. That he at first hesitated but finally stated that he was the owner of the firearm." (55 P.R.R. 37.)

Here there was no acceptance by the defendant and the delivery took place in connection with the death of a stranger which occurred, it seems, in his room.

Also, in the case of *People* v. *Villarrubia,* 54 P.R.R. 329, wherein the evidence was deemed sufficient in a case similar to the one at bar, there existed the admission of the defendant. The rule was set down as follows:

"Evidence of having occupied from the accused a firearm not recorded, together with the latter's admission that he owns the same, is sufficient to uphold a complaint for a violation of Act No. 14 of 1936 ((2) p. 128)."

The judgment rendered by the district court may perhaps be just and issuing from the absolute truth, but it is not according to the evidence offered, and as a consequence, our clear duty is to reverse it.

The appeal lies, the judgment is reversed and the defendant discharged.